GAYETTA L. TREGO, Appellant, v. LYDIA M. STUDLEY, *et al.*, Appellees.

DOWER: *Payment of liens.* A balance of personal property paid over by executors to the widow under a will giving her a life use of all real and personal property should not, in proceedings for the assignment of dower, be applied in payment of a mortgage on the land.

*Appeal from Buchanan District Court.*—HON. J. J. TOLERTON, Judge.

THURSDAY, MAY 12, 1898.

THIS is an action to secure the admeasurement of plaintiff's dower. There was a decree setting off her interest, but charging it with the sum of three hundred and seventy dollars and sixty-three cents. From the action of the court in thus subjecting her interest to the payment of this amount, the plaintiff appeals.—*Modified.*

*Cook & Leach* for appellant.

*E. E. Hasner* for appellees.

WATERMAN, J.—The plaintiff took, by devise from her husband, a life estate in certain real estate in Buchanan county. It is admitted that the will does not bar plaintiff's right to a dower interest, also, in said land. This action was brought for the purpose of having her dower interest assigned. At the time of the death of plaintiff's husband, there was a mortgage upon said land amounting to one thousand eight hundred and fifty dollars, and it still stands unpaid. The

will gave plaintiff the use during life of all real and personal property, with a devise over to others of any remainder. On the settlement of the estate, there was a balance of three hundred and seventy dollars and sixty-three cents in the hands of the executors, which, under order of court, they paid to plaintiff, and they were then discharged. It is now claimed, as we understand it, that this three hundred and seventy dollars and sixty-three cents should be applied in payment, *pro tanto*, of the principal of the mortgage. This seems to have been the reason for the trial court's action in charging it as a lien upon the widow's dower interest. It is elementary that a life tenant cannot be charged with the payment of the principal of an incumbrance upon the estate, but only with keeping down interest. Plaintiff was entitled to the possession and use of this money, at least. She rightfully received it from the executors. Being under no obligation to make any payment on the principal of this mortgage, we cannot understand why it was charged against her share. The decree below provided "that the mortgage now on said premises amounts to $1,850, no part of which is chargeable upon said homestead of plaintiff; that one-third in fee simple, belonging to Gavetta L. Trego, after deducting the homestead, is chargeable with $370.63 of said mortgage, being the money which plaintiff received from the executors of said Seth D. Trego, deceased, and it is further charged with its *pro rata* share of the balance of said mortgage, to-wit: $1,479.37," etc. The decree should be changed in this respect: It should charge the dower interest of the plaintiff, exclusive of her homestead, with its proportionate share of the mortgage of one thousand eight hundred and fifty dollars, and it should not be charged with the money received by plaintiff from the executors. As thus modified, it will be AFFIRMED.